IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTONIO MEZA SANCHEZ,

    Petitioner,

v.

WARDEN,

    Respondent.

No. C 10-1444 WHA (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at the California Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has paid the filing fee. The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. 2241(d) (venue proper in both district of conviction and district of confinement).

## STATEMENT

In 1981, petitioner was convicted of murder in Imperial County Superior Court, and he was sentenced to a term of fifteen years to life in state prison. In 2008, the California Board of Parole Hearings ("Board) found petitioner unsuitable for parole. Petitioner challenged this decision in unsuccessful habeas petitions filed in all three levels of the California courts.

//

**ANALYSIS**

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that (1) the Board violated his right to due process because the denial of parole was without sufficient evidentiary support; (2) the Board violated his right to due process by denying parole pursuant to an unwritten policy and not based on an individualized decision; and (3) the denial of parole violated his right to due process because the Board was not a neutral or unbiased decision-maker, as his length of incarceration and record of rehabilitation warranted the grant of parole.

Liberally construed, petitioner's claims are cognizable. Petitioner's third claim does not state a grounds for relief that is independent of his first claim, insofar as both claims are premised on the argument that the evidence of his rehabilitation and the length of his incarceration required a finding of parole suitability. Consequently, the arguments set forth in both claims may be addressed jointly.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the

2

respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April __29__, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\SANCHEZ1444.OSC.wpd

3