IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MESA SANCHEZ, | No. C 10-1444 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| WARDEN, | **(Docket No. 4)** |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He challenges a decision by the California Board of Parole Hearings ("Board") in 2008 to deny him parole. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed a motion to dismiss the petition as moot because petitioner has since been granted parole and released from prison.

## STATEMENT

In 1981, petitioner was convicted in Imperial County Superior Court of second-degree murder. The trial court sentenced him to a term of 15 years to life in state prison. On October 14, 2008, the Board found petitioner unsuitable for parole. At his next parole suitability hearing, however, the Board found petitioner suitable for parole, and on May 6, 2010, he was released from prison on parole.

**DISCUSSION**

Respondent argues that the petition is moot because petitioner has already received more relief than he would be entitled to if the petition were granted. A case becomes moot unless, throughout the litigation, the plaintiff has an injury "likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The Ninth Circuit has recently determined that the relief available to a petitioner who demonstrates that the denial of parole violated his constitutional rights is a new hearing before the Board to determine his suitability for parole. *Haggard v. Curry*, No. 10-16819, slip op. 1, 10 (9th Cir. Oct. 12, 2010) (citing *In re Prather*, 234 P.3d 541 (Cal. 2010)). As petitioner has been released on parole, he has no need for a new hearing before the Board to determine his suitability for parole. Petitioner does not have an injury that would be redressed by a favorable outcome of his petition. *See Johnson v. Rancho Santiago Comm. Coll. Dist.*, No. 08-56963, slip op. 16967, 16981 (9th Cir. Oct. 8, 2010) (case becomes moot when parties lack "a legally cognizable interest in the outcome"); *see also Fendler v. United States Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988) (habeas challenge to denial of parole moot if petitioner released on parole before court considers petition). Consequently, the petition is moot.

The record also indicates a second grounds for dismissal. On May 7, 2010, mail sent to petitioner at the address he provided to the court was returned by the postal service as undeliverable because plaintiff was not there. Petitioner has not provided the court with a correct address, as required by Local Rule 3.11.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (docket number 4) is **GRANTED** and the petition is **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December   10  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\SANCHEZ1444.MTD.wpd

2